## DURFEE, RESPONDENT, *v.* GRANITE MOUNTAIN MINING COMPANY, APPELLANT.

[Argued March 27, 1893.    Decided May 15, 1893.]

COSTS—*Action for creating nuisance.*—An action for damages for injury to land caused by the contamination of a stream, by the mixture of deleterious substances therein which were deposited upon plaintiff's land and destroyed the vegetation, is not an action for trespass, but for creating and maintaining a nuisance, and therefore in such case, where a verdict for one dollar is returned, it is error for the court to tax the costs against the defendant under the Act of March 14, 1889 (Laws, 2d Sess., p. 120), allowing costs in actions of trespass without respect to the amount of damages recovered, as the case is controlled by sections 495 and 498 of the Code of Civil Procedure, providing that no costs shall be allowed in an action for the recovery of money or damages when the plaintiff recovers less than fifty dollars.

*Appeal from Third Judicial District, Deer Lodge County.*

Action for damages for creating a nuisance.    The cause was tried before McHATTON, J.    Verdict for plaintiff for one dollar, for which with costs judgment was rendered.    Reversed as to costs.

*Forbis & Forbis,* and *H. F. Titus,* for Appellant.

*Cole & Whitehill,* for Respondent.

PEMBERTON, C. J.    This action was brought to recover damages from appellant, who was defendant below, for the alleged contamination of the waters of Fred Burr creek, in Deer Lodge county, by the mixture of deleterious substances therein, as well as the placing of debris in said creek, which respondent alleges flowed down said creek and through his irrigating ditches, and came upon said farming lands, depositing sediment thereon, destroying the vegetation, and rendering said lands unfit for agricultural purposes, and rendering said water unfit for domestic and other purposes.    It was further sought to permanently enjoin appellant from placing in said stream the injurious matter aforesaid.    Defense was made and trial ensued, resulting in special findings by the jury, as follows: "1. Does the water flowing from Fred Burr creek in the ditch of the plaintiff during the irrigation season contain chloride of sodium, or common salt, in excess of what is usually found in water?    If so, how many grains per gallon?    Fifty grains.

2. Does the water flowing in plaintiff's ditch during the irrigation season contain more sulphate of soda than is usual for water to contain? If so, how many grains per gallon? Twenty grains. 3. Does the water flowing in the plaintiff's ditch contain sulphate of zinc in sufficient quantities to be deleterious to vegetable or animal life? No." The jury also found a general verdict for damages in the sum of one dollar, which findings were adopted by the court, and supplemented by further findings by the court, as follows: "1. The court adopts as its findings of fact the verdict of the jury, and the special findings made by the jury in this case; 2. That in the year 1889 the defendant constructed its quartz-mill on Fred Burr creek, and commenced using the waters of the said creek for milling purposes, and ever since such time has so used said waters; 3. That the said mill, as operated by the defendant at the present time, consists of one hundred stamps, which are used for the crushing of ore, which ore is reduced in connection therewith; 4. That all the tailings of defendant are cribbed in the vicinity of the mill, so that the same are not washed down upon the lands below, nor into the bed of the creek, and do not flow upon the land of the plaintiff, nor into his ditch; 5. That the waters of Fred Burr creek hold in solution small quantities of sodium, or common salt, and sulphate of sodium, or Glauber's salt; that the same are in such quantities as not to be injurious to vegetable or animal life to any appreciable extent, and that the same are not poisonous; 6. But that, by reason of the said salts held in solution, the lands of the plaintiff are not made unfit for cultivation or hay-farming to any appreciable extent, and that the value of the land of the plaintiff is not destroyed or depreciated on account thereof." Thereon judgment was pronounced in favor of plaintiff, to the effect that he have and recover from defendant the sum of one dollar damages, together with two hundred and forty-five dollars costs. Thereupon defendant appealed from the part of the judgment assessing the costs against it.

The contention involves the consideration of the following provisions of the statute: Section 495 of the Code of Civil Procedure (page 192) reads as follows: "Costs may be allowed, of course, to the plaintiff upon a judgment in his favor in the

district court in the following cases: 1. In an action to recover real property.   2. In an action to recover the possession of personal property when the value of the property amounts to fifty dollars or over, such value shall be determined by the jury, court, or referee by whom the action is tried.  3. In an action for the recovery of money or damages when the plaintiff recovers fifty dollars or over.   4. In special proceedings in the nature of an action."

SEC. 498: "In other actions than those mentioned in section 495 of this act, costs may be allowed or not, and, if allowed, may be apportioned between the parties on the same or adverse sides, in the discretion of the court; but no costs shall be allowed in an action begun in the district court for the recovery of money or damages when the plaintiff recovers less than fifty dollars, or in any action begun in the same court to recover possession of personal property when the value of the property is less than fifty dollars."

In 1889 the legislature passed an act, of which section one reads as follows: "SECTION 1. Costs shall be awarded by the district court to the plaintiff in an action to recover damages for trespass upon real property brought in that court, without respect to the amount of damages recovered."   From a view of these statutes, it appears plainly that this case must be classified as an action "to recover damages for trespass upon real property," in order to warrant the taxation of the costs involved against defendant.

The only question involved is as to the right of the court below to tax the costs against appellant and render judgment therefor.   The determination of this question imposes the duty upon this court to decide whether this is a case for creating and maintaining a nuisance, or for trespass.   In Wood on Nuisances, 2d ed., § 13, "nuisance" is thus defined: "Nuisances arise, as has been heretofore stated, from a misuse of property, real or personal, or from a person's own improper conduct.   But the idea of a nuisance, generally, is associated with, and more commonly arises from, the wrongful use of real property.   It is only in special and infrequent instances that it arises otherwise, which will be referred to and fully explained *infra*.   They are always injuries that result as

a consequence of an act done outside of the property injured, and are the indirect and remote effects of an act, rather than a direct and immediate consequence.    It is a species of invasion of another's property by agencies operating entirely outside of the property itself, and imperceptible and invisible, except in the results produced, which are often even themselves not visible, and whose presence at times is only appreciable by one of the senses, and that, generally, not by the sense of seeing." In the same section, "trespass" is defined as follows: "A trespass is a direct and forcible invasion of one's property, producing a direct and immediate result, and consisting usually of a single act." In 1 Addison on Torts, § 217, and note thereto, containing citations to numerous authorities, the elements distinguishing trespass from nuisances are fully stated and discussed. It cannot be pretended that the findings of fact by the jury or court in this case show "a direct and forcible invasion," or any invasion, of respondent's property by appellant. Whatever wrong or injury respondent has sustained has been the result of the wrongful use by the appellant of its own property, and falls within that species of injuries contained in the definition of nuisances, as quoted above.    From a consideration of the findings of fact in this case, and the authorities, we are of the opinion that this is an action for damages for creating a nuisance, and not for the commission of a trespass upon the real property of the respondent.    And so holding, we are of the opinion that that part of the judgment of the court below requiring the appellant to pay the costs of suit was error. That part of the judgment taxing the costs to appellant is reversed.

HARWOOD and DE WITT, JJ., concur.

*Reversed in part.*