(No. 5506.  Decided August 8, 1905.)

WILLIAM JENSEN, *Respondent*, v. THE COOKS' AND WAITERS'
UNION OF SEATTLE *et al., Appellants*.[1]

INJUNCTION — BOYCOTT — MAINTAINING PICKETS — ACTION TO RE-
STRAIN — PLEADING — COMPLAINT — SUFFICIENCY.  A complaint in an·
action to enjoin the picketing or boycott of a nonunion place of busi-
ness states a cause of action, where it alleges that, upon failing to
discharge a nonunion employee, the defendants, composing a union,
ordered and maintained a strike against the plaintiff, and in pur-
suance thereof congregated about his place of business in great num-
bers, and maintained pickets informing his patrons that it was a
scab and unfair place and attempting to dissuade persons from enter-
ing therein, etc., thereby affecting his trade; since such acts amount
to an invasion of the plaintiff's lawful rights, and are properly
restrained by injunction.

Appeal from a judgment of the superior court for King
county, Hatch, J., entered December 21, 1904, in favor of
the plaintiff, granting an injunction against picketing, as
prayed for, upon overruling a demurrer to the complaint.
Affirmed.

*Root, Palmer & Brown,* for appellants.  A strike is not un-
lawful.  *Arthur v. Oakes,* 63 Fed. 310, 25 L. R. A. 414;
*Clemitt v. Watson* (Ind.), 42 N. E. 367; *Boyer v. Western
Union Tel. Co.,* 124 Fed. 246; *Worthington v. Waring,* 157
Mass. 421, 32 N. E. 744, 34 Am. St. 294, 20 L. R. A. 342;
*Hopkins v. Oxley Stave Co.,* 83 Fed. 912; *National Pro-
tective Ass'n v. Cumming,* 170 N. Y. 315, 63 N. E. 369,
88 Am. St. 648, 58 L. R. A. 135; *Union Pac. R. Co. v. Ruef,*
120 Fed. 102.  What one may do lawfully alone, many
may do simultaneously.  *Bohn Mfg. Co. v. Hollis,* 54 Minn.
223, 55 N. W. 1119, 40 Am. St. 319, 21 L. R. A. 337; *Long-
shore Printing Co. v. Howell,* 26 Ore. 527, 38 Pac. 547, 46
Am. St. 640, 28 L. R. A. 464; *Sinsheimer v. United Garment
Workers,* 77 Hun 215, 28 N. Y. Supp. 321; *Master Build-*

[1] Reported in 81 Pac. 1069.

*ers' Ass'n v. Domascio,* 16 Colo. App. 25, 62 Pac. 782; *Brewster v. Miller,* 101 Ky. 368, 41 S. W. 301, 38 L. R. A. 505; *Allen v. Flood,* [1898] A. C. 1, 67 L. J. Q. B. 119; *Martens v. Reilly,* 109 Wis. 464, 84 N. W. 840; *Mogul Steamship Co. v. McGregor, Gow & Co.,* L. R., 23 Q. B. Div. 598. A union may, by persuasion and entreaty, accomplish their purposes so long as no intimidation is used; the mere picketing of a neighborhood is not unlawful. *Foster v. Retail Clerks' etc. Ass'n,* 39 Misc. Rep. 48, 78 N. Y. Supp. 860; *Cumberland Glass Mfg. Co. v. Glass Bottle Blowers' Ass'n,* 59 N. J. Eq. 49, 46 Atl. 208; *Krebs v. Rosenstein,* 31 Misc. Rep. 661, 66 N. Y. Supp. 42; *Levy v. Rosenstein,* 66 N. Y. Supp. 101; *Beaton v. Tarrant,* 102 Ill. App. 124; *Rogers v. Evarts,* 17 N. Y. Supp. 294. The mere fact of pecuniary loss from the concerted action of others does not give a right of action; the rule of *damnum absque injuria* applies. *Commonwealth v. Hunt,* 4 Met. (Mass.) 111, 38 Am. Dec. 346; *Bowen v. Matheson,* 14 Allen 499; *Payne v. Western R. etc. Co.,* 13 Lea (Tenn.) 507, 49 Am. Rep. 666; *Carew v. Rutherford,* 106 Mass. 1, 8 Am. Rep. 287; *Delz v. Winfree,* 80 Tex. 400, 16 S. W. 111, 26 Am. St. 755; *Graham v. St. Charles St. R. Co.,* 47 La. Ann. 214, 16 South. 806, 49 Am. St. 366, 27 L. R. A. 416; *Anderson v. United States,* 171 U. S. 604, 19 Sup. Ct. 50, 43 L. Ed. 300; *Park & Sons Co. v. National Wholesale Druggists' Ass'n,* 175 N. Y. 1, 67 N. E. 136, 96 Am. St. 578; *Macauley v. Tierney,* 19 R. I. 255, 33 Atl. 1, 61 Am. St. 770, 37 L. R. A. 455; *Cote v. Murphy,* 159 Pa. St. 420, 28 Atl. 190, 39 Am. St. 686, 23 L. R. A. 135; *Cohen v. United Garment Workers,* 35 Misc. Rep. 748, 72 N. Y. Supp. 341; *Robison v. Texas Pine Land Ass'n* (Tex. Civ. App.), 40 S. W. 843; *Baker v. Sun Life Ins. Co.* (Ky.), 64 S. W. 967; *Heywood v. Tillson,* 75 Me. 225, 46 Am. Rep. 373; *Balliet v. Cassidy,* 104 Fed. 704; and cases previously cited.

*Piles, Donworth, Howe & Farrell (Dallas V. Halverstadt,* of counsel), for respondent.   Unjustifiable action for the purpose of inflicting malicious injury is unlawful.   *Casey v. Cincinnati Typographical Union,* 45 Fed. 135, 12 L. R. A. 193; *Thomas v. Cincinnati etc. R. Co.,* 62 Fed. 803; *Oxley Stave Co. v. Coopers' International Union,* 72 Fed. 695; *Knudsen v. Benn,* 123 Fed. 636; 1 Eddy, Combinations, p. 416; *Walker v. Cronin,* 107 Mass. 555; *Plant v. Woods,* 176 Mass. 492, 57 N. E. 1011, 79 Am. St. 330, 51 L. R. A. 339; *Moran v. Dunphy,* 177 Mass. 485, 59 N. E. 125, 83 Am. St. 289, 52 L. R. A. 115; *Beck v. Railway Teamsters' Protective Union,* 118 Mich. 497, 77 N. W. 13, 74 Am. St. 421, 42 L. R. A. 407; *Ertz v. Produce Exchange,* 79 Minn. 140, 81 N. W. 737, 79 Am. St. 433, 48 L. R. A. 90; *State v. Donaldson,* 32 N. J. L. 151, 90 Am. Dec. 649; *Barr v. Essex Trades Council,* 53 N. J. Eq. 101, 30 Atl. 881; *Martin v. McFall,* 65 N. J. Eq. 91, 55 Atl. 465; *Beattie v. Callanan,* 82 App. Div. 7, 81 N. Y. Supp. 413; *Davis Mach. Co. v. Robinson,* 41 Misc. Rep. 329, 84 N. Y. Supp. 837; *Erdman v. Mitchell,* 207 Pa. St. 79, 56 Atl. 327, 99 Am. St. 783, 63 L. R. A. 534; *Flaccus v. Smith,* 199 Pa. St. 128, 48 Atl. 894, 85 Am. St. 779, 54 L. R. A. 640.   The complaint alleged a conspiracy. 6 Am. & Eng. Ency. Law (2d ed.), 838; 1 Eddy, Combinations, § 169, note 1; 4 Ency. Plead. & Prac., 707, 727, *State v. Stockford* (Conn.), 58 Atl. 769; *State v. Glidden,* 55 Conn. 46, 8 Atl. 890, 3 Am. St. 23; *State v. Donaldson,* 32 N. J. L. 141, 90 Am. Dec. 649; *Van Horn v. Van Horn,* 52 N. J. L. 284, 20 Atl. 485, 10 L. R. A. 184; *Vegelahn v. Guntner,* 167 Mass. 92, 44 N. E. 1077, 57 Am. St. 443, 35 L. R. A. 722; *Arthur v. Oakes,* 63 Fed. 310; *Rourke v. Elk Drug Co.,* 75 App. Div. 145, 77 N. Y. Supp. 373; *Jackson v. Stanfield,* 137 Ind. 592, 23 L. R. A. 588; *Thomas v. Cincinnati etc. R. Co.,* 62 Fed. 803; *Olive v. Van Patten,* 7 Tex. Civ. App. 630, 25 S. W. 428.   A conspiracy to maliciously injure another's business is unlawful.   *State v. Stewart,* 59 Vt. 273, 9 Atl. 559, 59 Am. Rep. 710; *Old Dominion Steamship Co.*

*v. McKenna,* 30 Fed. 48; *Allis Chalmers Co. v. Reliable Lodge,* 111 Fed. 264; *United States ex rel. Guaranty Trust Co. v. Haggerty,* 116 Fed. 510; 1 *Eddy, Combinations,* §§ 479, 480; *Doremus v. Hennessy,* 176 Ill. 608, 52 N. E. 924, 54 N. E. 524, 68 Am. St. 203, 43 L. R. A. 797; *Lucke v. Clothing Cutters' etc. Assembly,* 77 Md. 396, 26 Atl. 505, 39 Am. St. 421, 19 L. R. A. 408; *Carew v. Rutherford,* 106 Mass. 1, 8 Am. Rep. 287; *State ex rel. Durner v. Huegen,* 110 Wis. 189, 85 N. W. 1046, 62 L. R. A. 700; and cases previously cited. The respective acts enjoined became illegal by reason of their being part of an unlawful conspiracy. *Swift & Co. v. United States,* 196 U. S. 375, 25 Sup. Ct. 276; *Aikens v. Wisconsin,* 195 U. S. 194, 25 Sup. Ct. 3.

PER CURIAM.—This is a suit brought by the respondent against the Cooks' and Waiters' Union of Seattle, and certain individual defendants, to enjoin them from unlawfully interfering with and injuring the respondent's business. A general demurrer was interposed to the complaint, which the trial court overruled, whereupon the defendants refused to plead further, and judgment was entered against them according to the prayer of the complaint. The ultimate question on this appeal therefore is, does the complaint state facts sufficient to constitute a cause of action?

The respondent in his complaint alleges that he is a resident and citizen of the city of Seattle, and was, at that time, and for three years last past had been, the proprietor of, and running, in the city, that certain cafe known as the "Bismarck"; that, prior to the interference therein of the defendants, the cafe had been doing a very large business; it affording a seating capacity for 550 people, and was patronized daily by from 2,000 to 3,000 persons; that he had in his employ, as floor manager for his cafe, one Kuehl, who was a competent man for such position, and whose work therein was satisfactory to the respondent, and that said Kuehl was not a member of the appellant Union; that,

shortly prior to November 13, 1904, certain employees of respondent, who were members of the appellant Union, and the appellant Union, acting by its members and by the de-. fendants Smith, Reef and Hasketh, demanded of respondent that he discharge from his employ said Kuehl, because said Kuehl was not a member of the appellant Union; that the respondent refused to comply with this demand, whereupon said persons requested the respondent to inform them whether he would allow them to endeavor to induce said Kuehl to join the appellant Union, to which request the respondent replied that he had nothing to do with the actions of said Kuehl in that regard; that, on November 13, 1904, said appellant Union, acting by said Smith, Reef, and Hasketh, and other members of said Union, demanded of Kuehl that he join the appellant Union, to which demand the said Kuehl refused to comply, and that thereupon the said Union ordered a strike among respondent's employees, and that said employees who were members of said Union, namely his cooks and waiters, walked out just at the dinner hour of said cafe, and that said strike had since been continued by the said Union, under the direction and with the co-operation of said Smith, Reef, and Hasketh; that, since the inauguration of said strike, the said Smith, Reef, Hasketh and their associates, under the name of the appellant Union, had maintained pickets in and about the entrance to said cafe, who interfered with the patrons of said cafe, and informed said patrons that the said cafe was a scab place, that it was an unfair place, and that it should not be patronized by the public, and that said pickets congregated around the entrance to said cafe, especially at meal hours, and attempted to dissuade persons from entering the cafe; that they abused the respondent as maintaining an unfair and scab place of business; that they endeavored to persuade the public generally, and the patrons of said cafe especially, to boycott said cafe until the respondent should comply with the demand of the appellant Union; that the action of the

appellant Union and its codefendants was joint and concerted, and was had pursuant to an agreement made between them prior to the inauguration of said strike, with the malicious intention of injuring the respondent's business; that they had threatened to drive respondent out of business, and were endeavoring to carry out their threats by diverting the patronage which, prior to said strike, had been going to respondent's cafe; that respondent had, by care and attention, built up a large business, but that the appellant and its codefendants had, by their wrongful acts and conduct, diverted a large part of his business, reducing his daily receipts by large sums, averaging from $100 to $150 per day; that if said picketing was allowed to continue, the respondent would be irreparably injured in the conduct of his business and would be without remedy therefor, because said appellant Union, and its codefendants, were wholly irresponsible and insolvent and unable to respond in damages. The prayer was for an injunction enjoining the defendants from the commission of these acts.

In discussing the questions suggested by the record, the arguments of counsel have taken a wide range, and elaborate briefs have been filed, in which numerous authorities are collated. The vital question at issue, however, it seems to us, is a simple one and easy of solution. Clearly, the acts of the appellants and defendants, as set forth in the complaint, are illegal and may be restrained by an injunction. It is true that a man, not under contract obligations to the contrary, has the right to quit the service of another at any time he sees fit, and may lawfully state, either publicly or privately, the grievances felt by him which gave rise to his conduct. And that right which one man may exercise singly, many may lawfully agree, by voluntary association, to exercise jointly. But one man singly, nor any number of men jointly, having no legitimate interests to protect, may not ruin the business of another by maliciously inducing his patrons and other persons not to

deal with him.  Men cannot lawfully jointly congregate about the entrance of one's place of business, and there, either by persuasion, coercion, or force, prevent his patrons and the public at large from entering his place of business or dealing with him.  To destroy his business in this manner is just as reprehensible as it is to physically destroy his property.  Either is a violation of a natural right, the right to own, and peaceably enjoy, property.  The acts of the defendants, as set forth in the complaint, amounted to an invasion of the respondent's lawful rights, and they were properly enjoined by the trial court.

The judgment appealed from is affirmed.

ROOT, J., having been of counsel, took no part.