IVERSON, APPELLANT, *v.* DILNO ET AL., RESPONDENTS.

(No. 3,028.)

(Submitted November 23, 1911.  Decided December 5, 1911.)

[119 Pac. 719.]

*Injunction—Labor Unions—"Unfair" Banners—Streets—Obstruction of—Rights of Abutting Owners—Constitution—Nuisance—What Constitutes.*

Injunction—When Issuance Improper.
    1a.  An injunction will not issue to restrain an act already committed.
Labor Unions—"Unfair" Banners—Injunction—When Refusal Proper.
    1.  Under the rule that the mere publication of a circular which does not go further than to advise the public that a particular person, firm or corporation is deemed "unfair" to organized labor, will not be enjoined, a motion to quash an order to show cause why an injunction should not issue to restrain defendants from carrying a banner back and forth in front of plaintiff's business declaring her boarding-house unfair, was properly granted in the absence of an allegation that the words inscribed thereon contained a veiled threat to plaintiff, her business or her patrons.
Same—Streets—Rights of Abutting Owners—Constitution.
    2.  Article III, section 3, of the state Constitution, in guaranteeing to all persons the right to pursue happiness and to acquire, possess and protect property, secure, among other things, the right to peaceable possession of, and to free ingress to and egress from, property.

(270)

Same—Obstruction of Streets—Nuisance.

3.  Defendant members of a labor union and their sympathizers, by congregating in large numbers in the immediate vicinity of the property of plaintiff, who was deemed unfair to organized labor, and impeding travel on the sidewalk in front thereof, and interfering with her and her customers in getting to and from her place of business, were engaged in the commission of a nuisance, under section 6162, Revised Codes, a continuation of which equity will prevent by injunction.

Same—Use of Streets—Limitations.

4.  The right to the use of a public highway is not an unqualified and unrestricted one, but is limited by the extent and character of the use, and by the right of others to the same use.

Nuisance—What Constitutes.

5.  To constitute certain conduct a nuisance, the annoyance, interference or injury giving rise to it must be a substantial one, as distinguished from a mere technical violation of one's right.

Public Nuisance—When Private Person may Enjoin.

6.  That the conduct of defendants constituted a public nuisance did not defeat plaintiff's right to relief by injunction, since under section 6171, Revised Codes, a private person may maintain an action for a public nuisance if it is specially injurious to himself.

*Appeal from District Court, Cascade County; J. B. Leslie, Judge.*

ACTION for injunction by Louisa Iverson against Louis Dilno and others. From an order granting a motion to quash an order to show cause and refusing the injunction, plaintiff appeals. Reversed and remanded.

*Messrs. Cooper & Stephenson,* for Appellant, submitted a brief. *Mr. Cooper* argued the cause orally.

*Mr. H. S. McGinley* submitted a brief in behalf of Respondents, and argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On May 24, 1911, this action was commenced by the plaintiff to secure an injunction, restraining the defendants from certain acts which, it is alleged, they have committed and threaten to repeat. An order to show cause was issued, and upon the return defendants moved the court to quash the order and refuse an injunction, on the ground that the complaint does not state

a cause of action, or entitle the plaintiff to equitable relief. The motion was sustained, and plaintiff appealed from the order.

The complaint states that at the time this action was commenced, and at the time the alleged wrongful acts were committed, the plaintiff owned and was operating "the Larson Boarding House," in the city of Great Falls; that she had twenty or more boarders and lodgers; that the defendant union caused to be prepared a banner, upon which was inscribed in large letters the following: "Larson's Boarding House is Unfair to Organized Labor. By Order of H. R. E. I. A. Local No. 1"—and acting under the direction of the union, defendant Aaron carried such banner, and paraded back and forth in front of plaintiff's property. It is further alleged that the defendants Aaron, Dilno, Nelson, and Freeman, together with a large number of others—members and sympathizers of the defendant union—acting at the instigation and request of these defendants, have congregated in the immediate vicinity of plaintiff's place of business and upon the sidewalks, impeding travel, to the great annoyance of plaintiff and her patrons; that the acts of defendants were done for the purpose of driving plaintiff's patrons from her place of business, and disturbing and committing breaches of the peace, for the sole purpose of bringing her boarding house into disrepute and ruining her business. By the motion made in the court below, the defendants confess the truth of these allegations, so far as they are well pleaded. There is also an allegation with reference to the publication and distribution of a circular, but, as it relates to a transaction now wholly past, and there is not any allegation of a threat or intent on the part of defendants to repeat it, further consideration [1a] is not necessary, except to say that an injunction will not issue to restrain an act already committed. This is the general rule. If there are exceptions, they do not have any application to a case of this character.

1. There is not any allegation that the words inscribed on the [1] banner carried by Aaron veiled a threat to plaintiff's business or to her or her patrons. In *Lindsay* v. *Montana Federation of Labor*, 37 Mont. 264, 127 Am. St. Rep. 722, 96 Pac. 127,

18 L. R. A., n. s., 707, we held that the mere publication of a circular which does not go further than to advise the public that a particular person, firm, or corporation is deemed unfair to organized labor will not be enjoined. So far as applicable, the decision in that case is conclusive against the plaintiff here.

2. The Constitution of this state guarantees to everyone the right to pursue happiness and to acquire, possess, and protect property in all lawful ways (Article III, sec. 3), and this [2] provision secures the right to peaceable possession and to free ingress to and egress from property. The rights thus secured cannot be invaded, unless the public health, morals, or safety, or the general welfare, require interference, or the owner is deprived of his rights by due process of law. As if to indicate in a measure the far-reaching extent of this constitutional guaranty, the legislature has provided: "Anything which is injurious to health, or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, or unlawfully obstructs the free passage or use in the customary manner, of * * * any public park, square, street or highway, is a nuisance." (Rev. Codes, sec. 6162.) And section 6, Article III, of the Constitution, declares that the courts shall be open to every person, and a speedy remedy afforded for every injury of person, property, or character, and that right and justice shall be administered without sale, denial, or delay.

If the allegations of this complaint are true, these defendants and their sympathizers, in congregating in large numbers in the immediate vicinity of plaintiff's property, impeding travel on the [3] sidewalk and interfering with plaintiff and her customers in getting to and from her place of business, were committing a nuisance, within the meaning of section 6162, above. That this is true is not open to discussion. If acts of the character of those described in this complaint are not comprehended by the section quoted, then it would tax human ingenuity to the limit to find a meaning for the language employed by the legislature. And the definition of a nuisance given in our Codes is not an unusual one. It is, in fact, the definition generally accepted by

44 Mont.—18

courts, lexicographers, and law-writers. The word "nuisance" means that which annoys or gives trouble. (Webster's International Dictionary.) Blackstone defines nuisance as "anything that worketh hurt, inconvenience, or damage." (3 Blackstone's Commentaries, sec. 316.) "That is a nuisance which annoys and disturbs one in the possession of his property, rendering its ordinary use or occupation physically uncomfortable to him." (*Baltimore & P. R. R. Co.* v. *Fifth Baptist Church*, 108 U. S. 317, 2 Sup. Ct. 719, 27 L. Ed. 739; see, also, *Durfee* v. *Granite Mt. Min. Co.*, 13 Mont. 181, 33 Pac. 3.) In sections 2 and 3 of Joyce on the Law of Nuisances, and in the notes to those sections, will be found a large number of definitions of the term "nuisance," gathered from the decisions of courts and from the text-books, all of like tenor and similar to the definition given in our Codes.

So frequently have the courts been called upon to consider cases of the same general character as the one before us that a review of the decisions is unnecessary. They are quite uniform in holding that equity will interpose to protect one against such acts as are described in this complaint. We content ourselves with the citation of a few of the leading cases, some of which present facts much more extreme than those alleged in this complaint. The difference, however, is of degree, rather than of kind. (*Mackall* v. *Ratchford* (C. C.), 82 Fed. 41; *Foster* v. *Retail Clerks' International Protective Assn.*, 39 Misc. Rep. 48, 78 N. Y. Supp. 860; *American Steel & Wire Co.* v. *Wire Drawers' & Die Makers' Union* (C. C.), 90 Fed. 608; *In re Debs*, 158 U. S. 564, 15 Sup. Ct. 900, 39 L. Ed. 1092; *Jensen* v. *Cooks' & Waiters' Union*, 39 Wash. 531, 81 Pac. 1069, 4 L. R. A., n. s., 302; *San Francisco* v. *Buckman*, 111 Cal. 25, 43 Pac. 396; *Beck* v. *Railway Teamsters' Protective Union*, 118 Mich. 497, 74 Am. St. Rep. 421, 77 N. W. 13, 42 L. R. A. 407; *People* v. *Cunningham*, 1 Denio (N. Y.), 524, 43 Am. Dec. 709; see, also, Martin on Modern Law of Labor Unions, sec. 103.)

It is insisted that, as the street and sidewalk are public highways, defendants had a right to use them. However general the [4] notion may be that one has an unrestricted right to the

use of a public highway, it is erroneous. The least reflection will suggest that the right is a qualified one. No one would insist that he has a right to monopolize a street to the exclusion of everyone else from its use, or that his right extends to a use entirely foreign to the purpose for which the street was set apart, and one injurious or obnoxious to others, or that he might so use the street as to deny to abutting property owners ingress to or egress from their property. Any right asserted to the use of a public highway must be understood to be limited (a) by the extent of the use; (b) by the character of the use; (c) by the right of others to use the same highway, and possibly by other considerations.

(A)    A merchant might not object to a single person stopping in front of his place of business, or to a single vehicle left standing in front of his store; but, if a hundred persons or twenty vehicles stopped in front of his business for an unreasonable time and excluded his employees and patrons, he would have just cause to complain. (*Mackall* v. *Ratchford,* above.)

(B)    When we speak of our right to use a public street, we mean the right to use it for the purposes for which the street was dedicated. (*Kipp* v. *Davis-Daly Copper Co.,* 41 Mont. 509, 110 Pac. 237.) In *Fairbanks* v. *Kerr,* 70 Pa. 86, 10 Am. Rep. 664, the supreme court of Pennsylvania said: "A street may not be used, in strictness of law, for public speaking, even preaching or public worship; or a pavement before another's house may not be occupied to annoy him." A tradesman may not conduct his business in such manner as to collect a crowd in front of his store to such extent as to interfere with travel. (2 Elliott on Roads and Streets, sec. 881.) Even a constable who conducts a public sale in the street may be guilty of committing a nuisance. (*Commonwealth* v. *Milliman,* 13 Serg. & R. (Pa.) 403.) Or a public parade may become a nuisance, if it materially obstructs travel, or becomes an actual annoyance. (15 Am. & Eng. Ency. of Law, 506; *City of Chariton* v. *Simmons,* 87 Iowa, 226, 54 N. W. 146.)

(C)    The right which anyone asserts to use a public street must be exercised with a due recognition of the rights of abut-

ting property owners to ingress to and egress from their property. As was said by Judge Hammond, in *American S. & W. Co.* v. *Wire D. & D. M. Union,* above: "The right of the use of streets by anyone is a qualified right. The owner of a house, be it dwelling-house, storehouse, or millhouse, has a distinct right of property in the streets adjacent thereto and used as approaches to it. It is the right of access—free and uninterrupted ingress and egress. Anyone who uses the streets must use them subject to this right of the householder. * * * If anyone violate the right of the householder to the streets that are appurtenant to his property as a part of it, by impairing his ingress and egress, he has a civil action, and he may also abate it by injunction in equity as a private nuisance. [Citing cases.] It is just as much a nuisance to block up the street and impair the right by the continual presence of bodies of men, great or small, who obstruct the ingress or egress, as it would be to build barricades and embankments in the street. There can be no denial of this, and when the blockading is done for the especial purpose of impairing the ingress to a particular house it is directly a nuisance, which may be abated by injunction, if necessary."

Whether the acts of a single individual amount to a nuisance will depend upon the solution of the question: Do they fall within the meaning of section 6162 above? The annoyance, interference, [5] or injury must, however, be a substantial one, as distinguished from a mere technical violation of plaintiff's rights. *"De minimis non curat lex."*

It is immaterial that the defendants may have committed a public nuisance, for the allegations of this complaint disclose that the injury, annoyance, and inconvenience suffered by plaintiff differ in kind, as well as in degree, from those suffered by the public generally; and section 6171, Revised Codes, provides: "A private person may maintain an action [6] for a public nuisance, if it is specially injurious to himself, but not otherwise." (Joyce on the Law of Nuisances, sec. 422.) That injunction is an available remedy in a case of this character is recognized by the authorities generally. (Joyce

on the Law of Nuisances, sec. 363; *Attorney General* v. *Brown,* 24 N. J. Eq. 89; *In re Debs,* above.)

If the allegations of this complaint are true, plaintiff was entitled to relief, and in denying her a hearing the trial court erred. The order is reversed, and the cause is remanded for further proceedings.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.