[No. 17640. Department One. May 4, 1923.]

O. L. ADAMS et al., *Appellants*, v. LOCAL No. 400 OF COOKS AND HELPERS, WAITERS AND WAITRESSES OF SPOKANE et al., *Respondents*.[1]

INJUNCTION (39)—TRADE UNIONS—PICKETING—SCOPE OF RELIEF—EQUITY—POWERS OF COURT. Since injunction in industrial disputes calls for flexible remedial equity powers depending on the circumstances of each case, it will not be held an arbitrary exercise of the power for the trial court to prohibit picketing within a fixed radius of 100 feet from the front entrances of the places of business in question.

APPEAL (388)—REVIEW—TRIAL DE NOVO—ERROR ALLEGED BY RESPONDENT—CROSS-APPEAL. In the absence of a cross-appeal, respondents cannot ask the court to review their exception to the decree for the purpose of having the judgment against them set aside, as could be done if necessary to sustain the judgment entered.

Appeal from a judgment of the superior court for Spokane county, Lindsley, J., entered December 31, 1921, in favor of the plaintiffs, in an action for an injunction, tried to the court. Affirmed.

*Oscar Cain* and *Guie & Halverstadt,* for appellants.

*E. O. Connor,* for respondent.

MITCHELL, J.—This action had its origin in a dispute between restaurant proprietors and union labor employees who were members of cooks, helpers, waiters and waitresses Local No. 400, Spokane, Washington, over the matter of wages. The appeal has been taken by the plaintiffs, the restaurant proprietors, from a decree enjoining the defendants, and all persons acting by, through or under them, from picketing, attempting to dissuade plaintiffs' patrons from patronizing them, from selling or distributing copies of the Labor World

[1] Reported in 215 Pac. 19.

containing articles mentioned in the complaint or articles of similar character, and from otherwise interfering with the plaintiffs in the lawful conduct of their businesses, within a radius of one hundred feet from the front entrance of each and every of the plaintiff's respective places of business, on any public street or alley. The appellants claim to be aggrieved because respondents were not enjoined from doing the things mentioned within the whole of the city rather than the limited area described in the judgment.

Upon commencing the action, the court issued a temporary restraining order against the defendants, general in its scope, on the application of the plaintiffs.

The supreme court of the United States, in the case of *American Steel Foundries v. Tri-City Central Trades Council,* 257 U. S. 184, 66 L. Ed. 189, has elaborately discussed this subject of injunction in industrial disputes. It speaks with clearness of the rights and obligations of the contesting parties in such controversies, and, as a general guide, announces the following rule:

"Each case must turn on its own circumstances. It is a case for the flexible remedial power of a court of equity, which may try one mode of restraint, and, if it fails or proves to be too drastic, may change it."

The argument on behalf of the appellants here is that the fixing of a limited area is arbitrary. But it is not arbitrary in the sense that it is inconsistent with the flexible remedial power of a court of equity as applied to this case. Courts may differ, and the same chancellor may not administer the rule with uniform judgment on all occasions, but if the mode prescribed in a given case fails, or if it proves too drastic, the court may change it. Of course, this does not mean that the limit fixed in this case shall of itself be a standard in any

future case where such a plan is adopted, for "each case must turn on its own circumstances." An examination of the record satifies us that the judgment of the trial court, so far as the rights of the appellants are concerned, recognizes this principle, and that they have no just cause of complaint on their appeal.

On the contrary, the respondents are claiming that the evidence was not sufficient to warrant the issuance of any injunction at all, and that, since the case is to be tried *de novo* on the appeal, they are entitled to have the judgment reviewed and corrected, having taken exceptions to the order and decree. A sufficient answer is that the respondents have not taken any cross-appeal. The cases of *Jenkins v. Jenkins University,* 17 Wash. 160, 49 Pac. 247, 50 Pac. 785; *Abbott v. Thorne,* 34 Wash. 692, 76 Pac. 302, 101 Am. St. 1021, 65 L. R. A. 626; and *Huntington v. Love,* 56 Wash. 674, 106 Pac. 185, relied on by the respondents, are not applicable to the present situation. They were each a case wherein the respondent, without a cross-appeal, invoked the rule of having rulings or findings against him, to which exceptions had been taken, reviewed in this court if found by the court to be necessary to sustain a judgment with which the respondent was satisfied. Here the respondents seek to have a judgment with which they are dissatisfied set aside. Under the statutes, we are without jurisdiction to entertain the contention, in the absence of an appeal by those making it.

Judgment affirmed.

MAIN, C. J., HOLCOMB, BRIDGES, and MACKINTOSH, JJ., concur.