[No. 22178. Department One. January 10, 1930.]

STERLING CHAIN THEATERS, INCORPORATED, *Appellant,* v. CENTRAL LABOR COUNCIL OF SEATTLE *et al.,* *Respondents.*[1]

[1]Reported in 283 Pac. 1081.

*Allen & Walthew,* for appellant.

*Schwellenbach, Merrick & Macfarlane,* for respondents.

*Roberts, Skeel & Holman, amici curiae.*

BEALS, J.—Plaintiff, a corporation engaged in the business of operating theaters in the city of Seattle, instituted this action for the purpose of procuring a decree enjoining the defendants from carrying or displaying upon the public streets of the city of Seattle banners or other inscriptions, stating that two of the theaters operated by plaintiff were unfair to organized labor. The trial of the action resulted in a decree granting plaintiff certain relief, from which decree plaintiff appeals, claiming that the record in the action entitles it to a decree broader in scope than that granted by the superior court.

Appellant, among other activities, operates in the city of Seattle the Capitol and Colonial theaters, both located in the block bounded by Third avenue, Pike street, Fourth avenue and Pine street, the Capitol being on Third avenue and the Colonial on Fourth avenue. Appellant was incorporated in December, 1927, John Danz being one of the three incorporators, and owning approximately eighty-five per cent of the voting stock.

Mr. Danz has been engaged in business for several years as operator and proprietor of different theaters in the city of Seattle, and, during the month of December, 1923, he, together with certain corporations in which he was interested, brought suit against several labor unions and individuals seeking an injunction restraining them from picketing the theaters operated by plaintiffs. This action resulted in the entry of a decree granting the plaintiffs a portion of the relief which they sought, from which decree they ap-

pealed to this court. The judgment of the trial court was, by this court sitting *En Banc,* modified by striking therefrom a material portion thereof. *Danz v. American Federation of Musicians,* 133 Wash. 186, 233 Pac. 630. On the receipt of the remittitur in the lower court, a decree was entered in conformity with the decision of this court, which decree became the law of that case and ever since has been in full force and effect.

Briefly stated, the acts of respondents in this action of which appellant complains consist of the following: The maintenance of men walking a regular beat from points one hundred feet north and south of the entrances to appellant's two theaters, above referred to, along the streets bounding the city block in which appellant's two theaters are located. The men so upon patrol bear upon their persons banners or tabards, upon which, in large letters, are written legends stating that there is a strike on in the two theaters operated by appellant and including the words, "Stay out. Central Labor Council, Seattle."

The decree entered in this action by the court below is in the following form:

"This matter regularly coming on to be heard on the 25th day of June, 1929, before the undersigned judge of the above entitled court for trial on the merits, and the plaintiff having submitted by stipulation the testimony and evidence which it produced upon the hearing for a temporary injunction, and having further produced certain other testimony, and the defendant having submitted by stipulation the testimony and evidence produced on its behalf upon the hearing for a temporary injunction and having submitted no further testimony, and the parties having rested, and counsel having argued the matter at length to the court, and it appearing to the court that the following decree was entered by the above entitled court on December 8, 1925, in words and figures as follows:

220

"'In the Superior Court of the State of Washington for King County.

"'John Danz, Globe Amusement Co., a corporation and Acme Theater Company, a corporation,          *Plaintiffs,*
"'vs.

"'American Federation of Musicians, Local 76; Theo H. Wagner, President and W. J. Douglas, Secy., International Alliance of Theatrical Stage Employees Local 76 and Moving Picture Operators, Local 154; Hal Cauthon, President; G. E. Johnson, Secretary; H. F. Lampman, Business Agent; Building Service Employees Union Local 6, H. F. O'Brien, President, and John P. Rankin, Secretary; H. F. Lampman, P. R. Adlam, Alice Lord, Anna E. Nemitz, *et al.,* who are members of said local unions or some one or more of them, Hattie W. Titus,          *Defendants.*   No. 171060

"'This matter coming on to be heard upon application of the plaintiffs for a judgment or decree as directed by the remittitur of the supreme court, and the plaintiffs being represented by their attorneys, and the defendants by their attorney, and the court being fully advised,

"'It is considered, adjudged and decreed that the defendants and each of them be and they hereby are restrained and enjoined as follows:

"'(1)   From in any manner trespassing upon any of the plaintiffs' property.

"'(2)   From in any manner obstructing the free access to, or egress from the Colonial Theater located at 1515 Fourth avenue, the Star Theater located at 117 Occidental avenue, the Florence Theater located at 512 Second ave., and the Class A Theater located at 1506 Third avenue, all in the city of Seattle, or any of them, and from obstructing the free passage along the sidewalk in front thereof.

"'(3)   From carrying or wearing upon their persons or otherwise displaying in front of said theaters

or any of them, or within one hundred feet thereof any banner, scarf, badge or other insignia bearing any inscription that said theater or the owner thereof or any of the employees therein is unfair.

" 'And it is further considered, adjudged and decreed That the interveners herein and each of them be and they hereby are enjoined from interfering with the defendants or any of them in the free exercise of any right not herein expressly prohibited or enjoined.

" 'And all parties hereto are hereby enjoined from employing any threat, intimidation or violence or any libelous, slanderous, opprobrious or insulting language or epithets against any of the other parties hereto for any purpose whatsoever. No costs shall be allowed to either party.

" 'The judgment of this court entered April 22, 1925, is hereby vacated and this judgment entered *nunc pro tunc* as of the date April 24, 1925.

" 'Done in open court this 8th day of December, 1925.

" 'J. T. Ronald, Judge.'

(Interlineation.) *And the court finding that the defendants have at all times consented to the entry of said decree in this cause and the court further [finding] that said decree is res adjudicata and determinative of this action.*

"And the court being fully advised in the premises, now, therefore,

"It is considered, ordered and adjudged that the above quoted decree be, and the same hereby is adopted and confirmed in favor of the plaintiff and against the defendants, and it is further,

"Considered, ordered, adjudged and decreed that the plaintiff be, and it hereby is, otherwise denied the relief sought in this above entitled action, and it is further,

"Considered, adjudged and decreed, that the defendants do have and recover of and from the plaintiff their costs herein to be taxed.

"Exception allowed to plaintiff and defendants."

Appellant appeals from that portion thereof which restrains the defendants

" . . . from carrying or wearing upon their persons or otherwise displaying in front of said theaters or any of them or within one hundred feet thereof any banner, scarf, badge or other insignia bearing any inscription that said theater or the owner thereof or any of the employees therein is unfair,"

as well as from other portions of the decree which appellant deems erroneous and in violation of its rights.

From the record, it appears that the trial court was of the opinion that the decree entered in the prior action between John Danz and the labor unions, above referred to, was *res adjudicata* of this controversy and was determinative of this action, for the reason that Mr. Danz, the plaintiff in the former action, owns a large percentage of the stock in appellant, which is operating theaters in the same location as those about which centered the former controversy, and for other reasons.

A considerable portion of the argument in the case at bar is devoted to the question of whether or not the decree in the prior action is, in fact, *res adjudicata* of the case at bar, or, if not *res adjudicata*, whether or not that decree constitutes an estoppel by judgment against appellant or requires the affirmance of the judgment herein appealed from because of the application of the rule of *stare decisis* to the questions now before us.

Appellant's appeal brings before us, *de novo*, all questions submitted to the court below, and as, in our opinion, the decree entered by the trial court was, in view of all the evidence introduced, a proper decree, we do not find it necessary to determine whether or not the decree in the prior action is, upon any ground, determinative of the case at bar.

This court has held picketing unlawful. *Jensen v. Cooks & Waiters' Union*, 39 Wash. 531, 81 Pac.

1069, 4 L. R. A. (N. S.) 302; *St. Germain v. Bakery & Confectionery Workers' Union No. 9,* 97 Wash. 282, 166 Pac. 665, L. R. A. 1917F 824; *Baasch v. Cooks' Union, Local No. 33,* 99 Wash. 378, 169 Pac. 843; *Danz v. American Federation of Musicians,* 133 Wash. 186, 233 Pac. 630.

Appellant vigorously argues that the acts of respondents, in maintaining the patrols marching up and down the sidewalks from points one hundred feet distant from the entrances to appellant's theaters, constitute picketing and come within the rule laid down in the foregoing cases. Appellant contends, and we take it as admitted, that the maintenance of the tabard bearers causes appellant some loss of patronage. Appellant contends that this loss is due to unlawful intimidation of its prospective patrons by respondents.

The word "picket," as used in labor disputes between employers and employees, was probably adopted from military parlance, in which that word is applied, among other meanings, to "an out-guard posted before an army to give notice of an enemy approaching." Duane's Military Dictionary, Philadelphia, 1810.

During recent years, the word has acquired a new meaning as used with reference to labor disputes. It is doubtful whether or not it can properly be applied to men who approach no nearer than one hundred feet to the entrance of the place of business against which a strike has been declared, when the same is on a busy city street, the men walking to and fro, most of the time completely out of sight of such entrance, but neither the meaning of the word "picket" nor the proper designation to be applied to the men who, on behalf of respondents, carry the banners of which appellant complains, is important, as the legality or illegality of respondents' activities does not depend upon the term applied to their employees.

It must be noted, however, that, in all the definitions of the word "picket" as contained in recent decisions or text books, there runs the suggestion of the bringing to bear of pressure or intimidation, physical, mental or moral, by the pickets upon employees or possible employees of a certain business, or upon patrons or possible patrons thereof, with the view of in some manner injuring or interfering with such business.

There must be some distance from a business establishment at which a man, standing, bearing a banner similar to those borne by the agents of the respondents in this action, could on no theory be called a "picket," but would be simply a disseminator of information, provided, of course, that his acts were limited, as were the acts complained of in this action, simply to the displaying of banners bearing the legends above described.

An examination of the four cases above cited, relied upon by appellant, discloses that, in each case, a situation was presented in which men were being maintained directly in front of the entrance to the place of business which the defendant unions had declared to be "unfair." The men so maintained were, in each case, undoubtedly "pickets" within the meaning of that word as used in connection with labor disputes. Such a situation differs materially from that presented by the record in the case now before us where the men of whose activities appellant complains are, during a considerable portion of the time, actually out of sight of the entrances to the places of business operated by appellant.

Respondents rely primarily upon the case of *Adams v. Local No. 400 of Cooks & H., W. & W.*, 124 Wash. 564, 215 Pac. 19. In that case, the plaintiffs, restaurant proprietors, sought to enjoin members of different local unions from picketing or otherwise interfering with

their business. Upon the trial of the action, a decree was entered enjoining and restraining the defendants, within a radius of one hundred feet from the front entrance of each place of business conducted by the respective plaintiffs:

"(First) From picketing plaintiffs' places of business.

"(Second) From attempting to dissuade patrons of the plaintiffs from patronizing them.

"(Third) From selling or distributing copies of the Labor World containing the articles specifically mentioned in plaintiffs' complaint or articles of similar character, and from otherwise interfering with the plaintiffs in the lawful conduct of their business, within said limits."

Plaintiffs, the restaurant owners, appealed, contending that the decree entered was erroneous in that it only restrained the defendants from carrying on the activities above referred to "within a radius of one hundred feet from the front entrance of each" of the establishments operated by plaintiffs. This court concluded that, upon the record, it appeared that the decree appealed from was correct, and the same was affirmed.

In the case of *Danz v. American Federation of Musicians, supra,* the superior court, in the decree appealed from, enjoined the defendants—

". . . from carrying or wearing upon their persons or otherwise displaying in front of said theaters or any of them, or within one hundred feet thereof any banner, scarf, badge or other insignia bearing any inscription that said theater or the owner thereof or any of the employees therein is unfair."

This court in its opinion, above cited, referred to that portion of the decree of the trial court then before it for review, but did not direct that such portion of

the decree be stricken therefrom or in anywise modified.

It is contended here, as it was contended by the appellant in the case of *Adams v. Local No. 400, supra,* that the fixing of a limited area is arbitrary and unreasonable. Appellant urges that it is not logical to hold that an act committed ninety-nine feet from the entrance to a theater is unlawful, while the same act committed one hundred feet therefrom is lawful, and that consequently the portion of the decree appealed from is erroneous and should be stricken therefrom.

It is, of course, true that the fixing of any exact distance for the operation of any general state of facts is often arbitrary. It is not easy to find a logical reason for saying that land one hundred and twenty-one feet from a newly paved street is not specially benefited by the paving and need not pay its proportion of the cost thereof, while land one hundred and twenty feet distant therefrom is benefited and must pay its share. In such matters, an arbitrary point must be fixed, and, in fixing such point, an executive officer or board, or a court, can only make such order as seems, in view of all of the surrounding circumstances, proper and reasonable, the standard set up being always, as was said in the *Adams* case, subject to the flexible remedial power of a court of equity.

While we are in entire accord with the statement of the writer of the opinion in the case of *Adams v. Local No. 400, supra,* to the effect that the limit fixed in any particular case shall not of itself be a standard in any subsequent case, and that, as stated by the supreme court of the United States in the case of *American Steel Foundries v. Tri-City Central Trades Council,* 257 U. S. 184, ''Each case must turn on its own circumstances,'' we are of the opinion that the limitations placed by the trial court upon the activities of the re-

spondents and their agents are, under all the circumstances of this case and for whatever reason adopted by the trial court, reasonable.

Judgment affirmed.

MITCHELL, C. J., MILLARD, PARKER, and TOLMAN, JJ., concur.