[No. 24195. Department Two. April 4, 1933.]

G. P. ZAAT, *Appellant*, v. THE BUILDING TRADES COUNCIL *et al., Respondents.*[1]

*Clarence J. Coleman*, for appellant.
*Black & Rucker*, for respondents.

[1]Reported in 20 P. (2d) 589.

Beals, C. J.—In his complaint, plaintiff alleged that he was the proprietor of a plumbing and heating business in the city of Everett; that he had complied with all the lawful rules and regulations concerning the installation of heating plants; that he was fully qualified to himself perform work and labor in the installation of such appliances, and that, in the course of his business, he himself performed labor in connection with the filling of his contracts.

Plaintiff further alleged that the defendant Everett Central Labor Council was the managing organization of the various labor unions in the city of Everett; that The Building Trades Council is a subdivision thereof, including all unions connected with building construction; that Plumbers Local No. 265 was the association of union plumbers in the city of Everett, and that the individual defendants were officers of the different associations above referred to. Plaintiff further alleged that the local plumbers' union had adopted a rule forbidding any employer, although qualified under the law, as was plaintiff, to himself perform any work in the installation of heating plants; and that, as the result of plaintiff's refusal to observe this rule, the defendant Plumbers Local had declared that plaintiff was unfair to organized labor, and had caused the other defendants to place plaintiff's name upon the unfair list. Plaintiff further alleged that the defendant associations publish in the city of Everett a newspaper known as the Labor Journal, and that they caused to be placed in the unfair list, as published in this newspaper, plaintiff's name; and that the defendants further declared that plaintiff was unfair to organized labor and threatened to boycott and place on the unfair list the company from whom plaintiff purchased furnaces and equip-

ment which he used in the installation of heating plants for his patrons.

Plaintiff further alleged that, by the foregoing acts of defendants, he had been damaged in the sum of one thousand dollars, and that such acts would cause him further and irreparable damage unless defendants were restrained from continuing the course of conduct above outlined. Plaintiff prayed for judgment against defendants for the sum of one thousand dollars; that they be permanently enjoined from continuing the publication of plaintiff's name on the unfair list in the Labor Journal, and that plaintiff have general relief.

To this complaint, defendants interposed a general demurrer, which, after argument, the trial court sustained. Plaintiff failing to file any amended complaint or proceed further in the matter, judgment was entered dismissing the action, from which judgment plaintiff appeals.

Appellant's assignments of error are all based upon the ruling of the trial court sustaining respondents' demurrer and the consequent dismissal of the action.

█ Appellant, of course, has the legal right to engage in the plumbing and heating business, and also to himself work on the installation of appliances for his patrons, it appearing that he is qualified under state laws and local regulations to engage in such labor. On the other hand, the local plumbers' union has the right to formulate its own policies, to control its own membership within lawful limits, and to, from time to time, make such lawful public statement of its policies as it may see fit.

Unions are recognized by the statutes of this state.

"It shall be lawful for working men and women to organize themselves into, or carry on labor unions for the purpose of lessening the hours of labor or in-

creasing the wages or bettering the conditions of the members of such organizations; or carry out their legitimate purposes by any lawful means." Rem. Rev. Stat., § 7611 [Laws of 1919, p. 568, § 1].

Appellant argues that a rule of the union to the effect that the proprietor of a business such as is appellant must not himself work in carrying out his own contracts, although he may be fully qualified to engage in such labor, is oppressive and an unlawful interference with appellant's business. Whether or not such a rule is, all things considered, just, reasonable or wise, or such a regulation as should be adopted by respondent labor organizations, is a question of policy which concerns only the unions and their members.

Appellant, however, may bring before the courts for examination his contention that he has been damaged by the acts of respondents in publishing to the world the fact that, viewed from the standpoint of the regulations of the unions, they contend that appellant should be classed as unfair to organized labor.

Appellant complains of the respondents in that they placed his name on the unfair list as published in their newspaper, the Everett Labor Journal. Appellant makes the bald allegation that this action on the part of respondents has already damaged him in his business in the sum of one thousand dollars, but as to the elements making up this alleged damage, the complaint is silent. In support of his argument, appellant cites several authorities from other jurisdictions, but in view of the statutory law of this state and the prior decisions of this court, we find these authorities either not in point or contrary to the laws which govern such questions in this forum.

In the recent case of *Sterling Chain Theaters v. Central Labor Council*, 155 Wash. 217, 283 Pac. 1081, the

right of the labor unions to disseminate information and advise the public as to their stand in an existing labor controversy was upheld.

No question is here presented concerning the internal administration of the affairs of the labor union, the controversy existing between the union on one hand and a non-member on the other.

Appellent argues that the case of *Sterling Chain Theaters v. Central Labor Council, supra,* involved the legality of the means employed by the union, not the unlawfulness of the purpose of the boycott. We can not agree with counsel that the question involved in the case cited was whether or not unlawful means were being used to attain a lawful end. The rule laid down in some jurisdictions, to the effect that, because an employer may lawfully perform his own work or a portion thereof, and that, because the employer is within his legal rights in so doing, a labor union or members thereof can not lawfully engage in a controversy with him concerning his conduct, does not prevail in this state.

The allegations of appellant's complaint to the effect that respondents threatened to boycott and place on the unfair list the company from whom appellant purchased his equipment, add nothing to the other portions of appellant's complaint when considered in connection with the question here presented. No such dealer in furnaces or similar appliances is named, nor is any such person seeking any relief as a party to this action.

Appellant's complaint alleges no more than that a dispute is pending between himself, as the owner of a plumbing business, on one hand, and respondents, as labor organizations or officers thereof, on the other, in the course of which respondents have in their news-

450

paper published information of the fact that such a dispute was pending, and that they have classed appellant as unfair. We fail to find in appellant's complaint any allegations which make up any cause of action against respondents, and the trial court did not err in sustaining respondents' demurrer and dismissing appellant's action.

Judgment affirmed.

TOLMAN, MAIN, STEINERT, and BLAKE, JJ., concur.