(No. 6130. July 19, 1934.)

SELMA GASMAN, Respondent, v. J. B. WILCOX, Appellant.

[35 Pac. (2d) 265.]

Hawkins & Hawkins and Gray & McNaughton, for Appellant.

W. B. McFarland, for Respondent.

BUDGE, C. J.—Respondent is the owner and in possession of block twenty-nine and lots one, two, three, seven, eight and nine, and the north half of lot six and the south half of lot ten, block twenty-eight, Bayview, in Kootenai county, abutting upon and adjacent to Pend d'Oreille lake. The land above described is particularly and peculiarly adopted for summer homes and summer resorts and was acquired for that purpose by respondent. Upon lot seven, block twenty-eight, respondent has constructed a cottage. Appellant in 1927 purchased from one Mrs. Stoner a boat livery which is now situated on the lake front adjacent to the property of the respondent. Respondent purchased her property in 1932, at which time appellant's boat works consisted of one houseboat not then fully constructed, and a walk leading from the shore out to the houseboat, appellant at that time having commenced rebuilding the works after a fire which occurred in 1931. Since the date of the purchase by respondent and up until the time of the trial appellant has added to his works until it practically occupied the whole waterfront adjacent to lots seven and eight and extended into the water in front of lot nine. In other words, appellant's encroachment in front of respondent's property has been continually progressive since 1932. Appellant lives in one of the floathouses and has two toilets on his works which he and the public use, the contents of which toilets are deposited in the waters of the lake immediately in front of respondent's property. It further appears from the record that by reason of the construction by appellant of his floathouses and other works he has obstructed respondent from reasonable ingress and egress to and from her property. This action was instituted by respondent to enjoin appellant from maintaining his boat works in front of her property. Judgment was entered in respondent's favor enjoining appellant from maintaining his boat works, including walks, floathouses, piling, and

what not, and directing their removal, from which judgment this appeal is prosecuted.

Appellant's assignments of error raise but two questions: First, whether or not the court erred in granting an injunction, and, second, whether or not the injunction granted was too broad in scope?

 It is the settled law in this jurisdiction that the state holds title to the beds of all navigable lakes and streams below the natural high-water mark for the use and benefit of the whole people, subject always to the rights of the public in such waters and to the paramount power of Congress to control their navigation so far as may be necessary for the regulation of commerce among the states and with foreign nations. (*Callahan v. Price*, 26 Ida. 745, 146 Pac. 732; *Scott v. Lattig*, 227 U. S. 229, 33 Sup. Ct. 242, 57 L. ed. 490.) Upland proprietors' proprietary title extends only to the ordinary high-water mark upon all navigable lakes and streams. (*Callahan v. Price, supra; Northern Pac. Ry. Co. v. Hirzel*, 29 Ida. 438.)

In finding number VI the court found as follows:

"That the maintenance by defendant of said houseboat, boathouse, docks, piling, shed for the storage of gasoline and walks, and the carrying on of the business of boats for hire, has greatly and unreasonably prevented and interfered with Plaintiff's ingress and egress to and from the waters of Lake Pend d'Oreille, renders her property and in particular the cottage on Lot 7, undesirable for the purposes for which she purchased the said property."

And the court further found in finding numbered VII:

"That the acts of defendant above set forth greatly interfere with the reasonable enjoyment by plaintiff of her lands and premises."

There is sufficient competent evidence to support said findings.

 While the acts of appellant may be a disturbance or obstruction to the public right, there is likewise injury to respondent's private property in its nature special and peculiar to respondent, entitling her to injunctive relief. (32 C. J., secs. 26–28, pp. 47–49; *Rogers v. Nevada Canal Co.,*

60 Colo. 59, 151 Pac. 923, Ann. Cas. 1917C, 669; *Iverson v. Dilno*, 44 Mont. 270, 119 Pac. 719.)

We are therefore of the opinion that the injunction was not improperly issued and neither are its terms too broad.

The judgment is affirmed. Costs awarded to respondent.

Givens, Morgan, Holden and Wernette, JJ., concur.