303 P.2d 244

**August HALMADGE and Frankie H. Heath,
Plaintiffs-Appellants,**

v.

**The VILLAGE OF RIGGINS, a Municipal
Corporation, Defendant-Respondent.**

**No. 8472.**

Supreme Court of Idaho.
Oct. 30, 1956.

Wm. J. Dee, Grangeville, for appellants.

Wm. H. Foster, Grangeville, for respondent.

TAYLOR, Chief Justice.

Plaintiffs (appellants) allege they are the owners of the Black Sand placer mining claim; that the defendant (respondent) without their permission, seized the property upon which the claim is located and has used, and is using, the same as a dump ground and has dumped trash and refuse of all kinds thereon, rendering it useless as a mining claim, to their damage in the sum of $5,000; that they filed a claim therefor, with the village clerk, which was denied by the trustees.

The defendant village, in addition to a general denial, alleges affirmatively that the plaintiffs' purported claim was located upon land belonging to the state of Idaho, and was located under the laws of the United States as though upon federal land; and that the defendant has permission from the state of Idaho to use the land.

The validity of the mining location being thus placed in issue, involving the question as to whether the ground attempted to be covered by the claim was open to location under federal law, the trial court determined to try "the question of plaintiffs' ownership of, or right to possession of, the land involved" as an equitable, or .court issue, prior to the contingent issues of

trespass and damage. We do not consider the propriety of this procedure for the reason that the record does not show any objection thereto by either party. Baird v. Gibberd, 32 Idaho 796, 189 P. 56; Johnson v. Niichels, 48 Idaho 654, 284 P. 840; Radermacher v. Daniels, 64 Idaho 376, 133 P.2d 713; Wormward v. Taylor, 70 Idaho 450, 221 P.2d 686.

Appellants assign as error the finding of the trial court that the place of dumping was situated below the natural high water mark of the Salmon river. The evidence is that the general area involved is located in a wide bend of the river; that a smaller portion of the area consists of wooded ground, from three to ten feet higher than the land lying between this higher ground and the state highway, which runs along the west bank of the river. This lower area "might be an old river channel". During high water time each year, a portion of this lower area is occupied by water. The water at such times comes up to the access road which extends from the highway to the dumping area. The bank of the river, on the east side of the higher wooded area, slopes more abruptly to the water. It is down this slope that the dumping is done. This evidence tends to establish that the wooded area and that along the access road are above the natural high water mark, and the rest, including the dumping area, is below that mark.

Such evidence supports the finding of the trial court that the land "upon which the defendant was in fact dumping trash and etc., was and is situated below the natural high water mark of the Salmon river." The Salmon river being a navigable stream, its bed below the natural high water mark is the property of the state of Idaho and has been since statehood. Callahan v. Price, 26 Idaho 745, 146 P. 732; Gasman v. Wilcox, 54 Idaho 700, 35 P.2d 265; Scott v. Lattig, 227 U.S. 229, 33 S.Ct. 242, 57 L.Ed. 490, 44 L.R.A.,N.S., 107. It is, therefore, not subject to location under federal law, and plaintiffs claim no right under state law. Title 47, Chap. 7, I.C.

Considerable of the argument and briefing is devoted to the question as to whether or not the land involved, or a part of it, is an island. The evidence shows the entire area was returned as surveyed by the original government surveyor, and the meander line lies on the east, or river side, of the higher area referred to as an island. There is, therefore, no unsurveyed island involved. Callahan v. Price, 26 Idaho 745, 146 P. 732; Smith v. Long, 76 Idaho 265, 281 P.2d 483.

As we understand the complaint, no damage is claimed on account of the access road which crosses the claim to the dumping site. In this connection, it is to be noted that the highway right-of-way deed from

the patentee of the government, Boodry, conveys to the state highway department all of the land lying between the west boundary line of the highway and the river. Mineral rights were reserved in the patent. But, the state and its licensee, defendant village, are entitled to exercise any surface rights granted by the patent.

Judgment of dismissal affirmed.

Costs to respondent.

KEETON, PORTER, ANDERSON and SMITH, JJ., concur.